**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JASON KELL, individually and on behalf of all others similarly situated; | : | |
| Plaintiff, | : | Case No.: 1:26-cv-00111-DRC |
| v. | : | JURY TRIAL DEMANDED |
| AMERIHEALTH CARITAS OHIO, LLC, and TOTAL CARE CONNECT, LLC; | : | |
| Defendants. | / | |

## AMENDED CLASS ACTION COMPLAINT

Plaintiff, Jason Kell ("Kell"), individually and on behalf of all others similarly situated, through his undersigned counsel, complains against Defendants AmeriHealth Caritas Ohio, LLC ("AmeriHealth") and Total Care Connect, LLC ("TCC"), as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, Jason Kell, brings this action individually and on behalf of the class defined herein for relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

2. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's

representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3. Plaintiff seeks certification of the classes defined herein, as well as monetary and injunctive relief as described below.

**PARTIES**

4. Plaintiff Jason Kell is a natural person residing in Hamilton, Ohio.

5. AmeriHealth is an Ohio Limited Liability Company with its principal place of business in Columbus, Ohio.

6. TCC is an Ohio Limited Liability Company with its principal place of business in Columbus, Ohio.

**JURISDICTION & VENUE**

7. The Court has federal question subject matter jurisdiction over these TCPA claims under 28 U.S.C. 1331. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because AmeriHealth resides in this district.

**THE NATIONAL DO NOT CALL REGISTRY**

9. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

10. In that Rulemaking, the FCC created the National Do-Not-Call Registry, which allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**COMPANY-SPECIFIC DO-NOT-CALL LISTS**

13. The TCPA also requires companies to create and maintain their own do-not-call lists for the same purpose: protecting the privacy rights of individual telephone subscribers to avoid receiving unwanted telephone solicitations. 47 C.F.R. § 64.1200(d).

14. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. 47 C.F.R. § 64.1200(d)(3).

**FACTUAL ALLEGATIONS**

15. At all times relevant hereto, Kell subscribed to cellular telephone service for the number (513) 418-XXXX ("Kell's Number") and used the number for personal purposes, including inside his home.

16. On September 10, 2023, Kell registered Kell's Number on the National Do-Not-Call Registry.

17. AmeriHealth is a managed care organization that coordinates health care services for members and offers members a Care Card that accumulates rewards points that can only be used to purchase eligible health care products at participating retailers.

18. Throughout 2024, Defendants placed numerous text messages and numerous voice calls to Kell's Number for the dual purpose of encouraging the purchase of health care services and the purchase of health care products using the Care Card rewards. Some, but not all, of those communications are described below.

19. Kell did not previously inquire about these health care services or request text messages or calls regarding these health care services.

20. In or around early August 2024, Kell informed AmeriHealth that it had the wrong number and asked it to stop contacting him.

21. However, the communications continued.

22. For instance, on August 24, 2024 AmeriHealth sent the following text message:

> "ACOH: Hi, Dazmon! Did you know that it's time to start scheduling your own checkups? Even if you feel healthy, your provider wants you to check that your health is where it should be. Schedule your annual well-care checkup today by contacting your provider at 513-653-0281. Telehealth appointments may be an option for you. Ask your provider about telehealth services. You may earn a $15 gift card for finishing this screening. Certain restrictions and limitations may apply and are subject to eligibility."

23. Kell responded "WRONG."

24. AmeriHealth responded: "Sorry! It seems we reached you in error. You are unsubscribed."

25. Kell responded: "I said that before and updated that number and yet you still contact me."

26. Thereafter, the communications continued.

27. For instance, on September 29, 2024, TTC sent the following text message to Kell on behalf of AmeriHealth:

> "Good Afternoon Dazmon. My name is Jessica on behalf of Amerihealth Caritas of Ohio, from Total Care Connect. I was reaching out to let you know that you are currently due for your annual wellness exam. We offer a program where we can send a medic out to see you, it its completely covered by AmeriHealth and may help find additional programs or services you are eligible for. For completing these preventative measures, you also get CARE card rewards! If you are interested in scheduling or have any questions, please respond to this message or feel free to give me a call at 614-380-2631. Have a great day! Reply STOP to unsubscribe."

28. On the same, day, TTC placed a voice call to Kell's Number on behalf of AmeriHealth also encouraging Kell to obtain a wellness exam and promising Care Card rewards for completing the exam.

29. Likewise, on October 5, 2024 TTC sent the following text message to Kell's number on behalf of AmeriHealth:

> "Hey Dazmon,
>
> This is Kam from Total Care Connect on behalf of AmeriHealth Caritas Ohio. You and your family are invited to our Mobile Wellness Clinic next Saturday at Evanston Recreation Center, 3204 Woodburn Ave, Cincinnati, OH 45207!
>
> Why Come?
>
> 1. Earn rewards on your Care Card.
> 2. Get Peace of mind about your health
> 3. Learn more about AmeriHealth benefits.
>
> If October 11th doesn't work, we can bring the wellness visit to your home! Call or text 614-427-1579 or reply YES to see what rewards you and your family can earn! Reply STOP to unsubscribe"

30. Likewise, on October 8, 2024, TTC placed a voice call to Kell's Number on behalf of AmeriHealth that once again encouraged the purchase of health care services and health care products using Care Card Rewards.

31. The above referenced communications that were placed by TTC were expressly placed on behalf of AmeriHealth and TTC was acting as an agent of AmeriHealth in placing those communications.

32. Accordingly, both TTC and AmeriHealth are liable for those communications.

33. The above referenced communications injured Plaintiff by invading his privacy, interfering with his cellular telephone, and wasting his time.

34. Given the automated nature of these communications, and the failure to honor Kell's repeated stop requests, AmeriHealth made the same telephone solicitations to others in the same or substantially similar format as those received by Plaintiff and described herein.

## CLASS ACTION ALLEGATIONS

35. As authorized by Rule 23(b)(3) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of two classes of persons or entities similarly situated throughout the United States (the "Classes"):

**National Do-Not-Call Registry Class**

> All persons in the United States (1) whose telephone numbers were on the National Do-Not-Call Registry for at least 31 days (2) but who received more than one telemarketing call or text message (3) from AmeriHealth (or an agent acting on behalf of AmeriHealth) (4) within a 12-month period, (5) within the four years prior to the filing of the Complaint.

<u>Sub-Class</u>

> All persons in the United States (1) whose telephone numbers were on the National Do-Not-Call Registry for at least 31 days (2) but who received more than one telemarketing call or text message (3) from Total Care Connect on behalf of AmeriHealth (4) within a 12-month period, (5) within the four years prior to the filing of the Complaint.

**Company-Specific Do-Not-Call List Class**

> All persons in the United States (1) who made a do-not-call request (2) but who thereafter received more than one telemarketing call or text message (3) from AmeriHealth (or an agent acting on behalf of

> AmeriHealth) (4) within a 12-month period, (5) within the four years prior to the filing of the Complaint.

Sub-Class

> All persons in the United States (1) who made a do-not-call request (2) but who thereafter received more than one telemarketing call or text message (3) from Total Care Connect on behalf of AmeriHealth (4) within a 12-month period, (5) within the four years prior to the filing of the Complaint.

36. Excluded from the Classes are counsel, Defendants, any entities in which Defendants have a controlling interest, Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

37. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the Class members.

38. Plaintiff and all members of the Classes have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy and the intrusion on their telephone that occupied it from receiving legitimate communications.

39. The Classes, as defined above, are identifiable through Defendants' dialer records, other telephone records, and telephone number databases.

40. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds since text messages of the type he received are typically sent *en masse*.

41. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

42. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

43. There are well defined, nearly identical questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the Class claims predominate over questions that may affect individual Class members.

44. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

Whether AmeriHealth is vicariously liable for calls placed by Total Care Connect?

Whether Defendants made multiple telephone calls to Plaintiff and members of the National Do-Not-Call Registry Class;

Whether Defendants' conduct constitutes a violation of the TCPA; and

Whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

45. Plaintiff's claims are typical of the claims of the Classes. Plaintiff's claims, like the claims of Classes, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

46. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so. Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the proposed Classes.

47. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendants and/or their agents.

48. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendants are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

49. Defendants have acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis.

**COUNT I**

**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, on behalf of the National Do-Not-Call Registry Class)**

50. Plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 46, *supra*, as though fully set forth herein.

51. This Count is brought by Plaintiff individually and on behalf of members of the National Do-Not-Call Registry Class defined in Paragraph 29, *supra*.

52. Defendants violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) by making, or having its agent make on its behalf, two or more telemarketing calls within a 12-month period to Plaintiff and members of the National Do-Not-Call Registry Class.

53. As a result of the Defendants' violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and National Do-Not-Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

54. Plaintiff and National Do-Not-Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendants from engaging in the same or similar conduct in the future.

55. Defendants' violations were knowing or willful.

**COUNT II**

**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, on behalf of the Company-Specific Do-Not-Call List Class)**

56. Plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 46, *supra*, as though fully set forth herein.

57. This Count is brought on behalf of Plaintiff individually and members of the Company-Specific Do-Not-Call List Class defined in Paragraph 29, *supra*.

58. Defendants violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)(3) by making, or having their agents make on their behalf, two or more telemarketing calls within a 12-month period to Plaintiff and members of the Company-Specific Do-Not-Call List Class.

59. As a result of the Defendants' violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and Company-Specific Do-Not-Call List Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

60. Plaintiff and Company-Specific Do-Not-Call List Class members are also entitled to and do seek injunctive relief prohibiting the Defendants from engaging in the same or similar conduct in the future.

61. Defendants' violations were knowing or willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes, prays as follows:

A. Injunctive relief prohibiting Defendants from calling telephone numbers advertising their goods or services, except for emergency purposes, to any cellular or residential telephone number on the National Do-Not-Call Registry or on Defendant's company-specific do-not-call list;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; and

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: April 8, 2026

Respectfully submitted,

JASON KELL

By: *s/ Timothy J. Sostrin*

Timothy J. Sostrin (*pro hac vice*)
KEOGH LAW, LTD.
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
tsostrin@keoghlaw.com

David B. Schultz
LUFTMAN, HECK & ASSOCIATES, LLP
6253 Riverside Drive, Suite 200

Dublin, Ohio 43017
(614) 224-1500
dschultz@lawlh.com

*Attorneys for Plaintiff and the Proposed Classes*